United States District Court
Middle District of Florida
Jacksonville Division

**TERELLE TULLIS,**

    **Plaintiff,**

**v.**                                                         **NO. 3:25-cv-933-WWB-LLL**

**RICKY DIXON, ET AL.,**

    **Defendants.**

___

### Order

Plaintiff, an inmate of the Florida Department of Corrections (FDC), is proceeding pro se on a complaint for violation of civil rights, doc. 1. He names seven defendants—all in their official capacities—based on conduct that occurred at Hamilton Correctional Institution (HCI) in 2021. *See* doc. 1 at 2–5. Plaintiff does not identify discrete claims against each of the seven defendants, saying only that he is suing for a "failure to protect" and "deliberate indifference" to his serious medical needs following an "illegal physical attack that caused . . . permanent disfigurement." *Id.* at 5. Plaintiff alleges another inmate attacked him on September 16, 2021, and afterward, defendants provided false or incomplete accounts of the incident and deprived him of medical care for over ninety days. *Id.* at 6–8.

Plaintiff paid the full filing fee, meaning he is not proceeding in forma pauperis under 28 U.S.C. § 1915.[1] As such, he is responsible for service of process. However, the Court concludes that plaintiff has failed to set forth his claims in accordance with federal pleading standards and, thus, will direct him to amend his complaint. The Federal Rules of Civil Procedure provide in pertinent part, "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a] party must state [his] claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b).

A complaint must allege facts that, accepted as true, state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Although a plaintiff is not required to provide "detailed factual allegations," he must offer more than "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint should provide enough detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original). One that does not is referred to as a "shotgun pleading." *See Weiland v. Palm Bch. Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). A court

---

[1] In light of plaintiff's payment, the Court will discharge the order to show cause. *See* doc. 4.

2

must hold a pro se plaintiff to a less stringent standard than a lawyer, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but may not rewrite a deficient complaint for a pro se plaintiff or otherwise serve as his de facto counsel, *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662.

To state a claim under § 1983, a plaintiff must allege the conduct complained of was committed by a person acting under color of state law, and the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. A suit against a prison official in his or her official capacity is tantamount to a suit against the State, which is not a "person" amenable to suit under § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (holding the Secretary of the FDC was immune from suit in his official capacity because "the action [was] in essence one for the recovery of money from the state").

Additionally, liability under § 1983 may not be premised on a theory of vicarious liability. In other words, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). *See also Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) ("It is axiomatic, in [§] 1983 actions, that liability must be based on something more than a theory of respondeat superior."). A

supervisor can be liable only when he or she "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. *Cottone*, 326 F.3d at 1360. The requisite "causal connection" is not satisfied simply by "filing a grievance with a supervisory person." *See Jones v. Eckloff*, No. 2:12-cv-375-Ftm-29DNF, 2013 WL 6231181, at *4 (M.D. Fla. Dec. 2, 2013) (citing *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009)).

Prison officials must "take reasonable measures to guarantee the safety of the inmates," but they are not constitutionally liable for every inmate-on-inmate attack. *Farmer v. Brennan*, 511 U.S. 825, 832, 834 (1994). Indeed, the duty to "take reasonable measures to guarantee the safety of the inmates," *id.* at 832, does not make prison officials "the guarantor[s] of [inmates'] safety," *Purcell ex rel. Est. of Morgan v. Toombs Cnty., Ga.*, 400 F.3d 1313, 1321 (11th Cir. 2005). To state a plausible claim for a failure to protect, a plaintiff-inmate must allege the prison official was "subjectively aware" of a "substantial risk of serious harm" but failed to respond "reasonably to the risk." *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). Allegations of negligence are not enough. *See Brown v. Hughes*, 894 F. 2d 1533, 1537 (11th Cir. 1990) ("Merely negligent failure to protect an inmate from attack does not justify liability under [§] 1983.").

Similarly, when an inmate claims he received inadequate medical care, he must do more than allege the care provided was "subpar or different from what [he]

want[ed]." *Keohane v. Fla. Dep't of Corr. Sec'y*, 952 F.3d 1257, 1266 (11th Cir. 2020). Allegations of medical negligence do not satisfy the stringent deliberate indifference standard. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). *See also Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."). A plausible deliberate indifference claim requires allegations that, accepted as true, would permit the reasonable inference the defendant knew the plaintiff had a serious medical need but acted with "subjective recklessness as used in the criminal law." *Wade v. McDade,* 106 F.4th 1251, 1255 (11th Cir. 2024) (en banc) (quoting in part *Farmer*, 511 U.S. at 839).

Plaintiff's complaint is deficient for a number of reasons, including: he sues all defendants in their official capacities only; he attempts to proceed against supervisory officials on a theory of respondeat superior (*i.e.*, the Secretary of the FDC and the Warden of HCI); and his complaint is a shotgun pleading in that he does not assert factual allegations or identify discrete claim(s) against each defendant individually but rather "lumps" all defendants together, while only vaguely describing the events giving rise to his purported claims. It appears plaintiff's primary claim may be a denial of medical care following the attack by another inmate, but he does not say who denied him treatment or when.

Additionally, it is unclear whether plaintiff also alleges one or more defendants could have, but failed to, prevent the attack. To the extent plaintiff seeks to proceed against some defendants for "lying about the incident [or] falsifying documents" in

5

contravention of FDC policy or Florida Statutes, *see* doc. 1 at 7–8, he should know that violations of state law or administrative procedures are not constitutional violations actionable under § 1983. *See Magluta v. Samples*, 375 F.3d 1269, 1279 n.7 (11th Cir. 2004) ("[T]he procedural requirements set out in [a state] regulation are not themselves constitutional mandates.").

If plaintiff wants to proceed, he must file an amended complaint in compliance with federal pleading standards, using the Court-approved form. He must explain what his discrete claims are against each defendant and the factual allegations supporting each claim. At a minimum, plaintiff must alert the defendants to the claim(s) against them and the factual allegations supporting the claim(s), so that they can formulate a responsive pleading. He also must comply with the following instructions:

1. The amended complaint must be marked, "Amended Complaint," and include this case number (**3:25-cv-933-WWB-LLL**).

2. The amended complaint must name as defendants only those who had been acting under color of state law and are responsible for the alleged constitutional violation(s).

3. The amended complaint must state the full names of all defendants (to the extent plaintiff knows them) in the style of the case on the first page and in section I.B.

4. The list of defendants named on the first page must match the list of named defendants in section I.B.

5. In section IV, "Statement of Claim," there must be a clear description of how **each** defendant was involved in the alleged violation(s). The allegations should be stated in numbered paragraphs, each limited to a single set of circumstances. Plaintiff should separately explain the facts giving rise to his individual claims for relief, and he should clearly state

how each defendant is responsible for each alleged violation.[2]

6. In section V, "Injuries," there must be a statement concerning how **each** defendant's action(s) or omission(s) injured plaintiff.

7. In section VI, "Relief," there must be a statement of what plaintiff seeks through this action, keeping in mind that the Prison Litigation Reform Act "places substantial restrictions on the judicial relief that prisoners can seek . . . ." *Brooks v. Warden*, 800 F.3d 1295, 1307 (11th Cir. 2015) (quoting *Al-Amin v. Smith*, 637 F.3d 1192, 1195 (11th Cir. 2011)).

8. In section VII, "Exhaustion," plaintiff must explain the steps he took to exhaust his administrative remedies, keeping in mind that "[a] prisoner must exhaust each claim that he seeks to present in court." *Arias v. Perez*, 758 F. App'x 878, 881 (11th Cir. 2019) (citing *Jones v. Bock*, 549 U.S. 199, 219–20 (2007)).

Plaintiff must sign and date the amended complaint after the following statement on the form:

> Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Before signing the amended complaint, plaintiff must ensure his assertions are truthful and that he has not knowingly made false material declarations. He must

---

[2] Plaintiff may attach additional pages, if necessary, but he should continue to number the paragraphs for a clear presentation of his factual allegations supporting each claim.

neither exaggerate nor distort the facts but truthfully state the facts underlying his claims. Knowingly making a false material declaration in violation of 18 U.S.C. § 1623 is punishable by a fine, imprisonment, or both.

An amended complaint supersedes the filing of the initial complaint and becomes the operative pleading. *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011). Thus, plaintiff's amended complaint must be complete, including all related claims he wishes to raise, and must not refer back to his original complaint.

It is **ordered**:

1. The order to show cause, doc. 4, is **discharged**.

2. The **Clerk** shall send plaintiff a Civil Rights Complaint form.

3. Within **thirty days** of the date of this order, plaintiff must mail an amended complaint to the Court for filing. The amended complaint should comply with the instructions on the form and those provided in this order.

4. Plaintiff's failure to comply with this order may result in the dismissal of this case.

**Ordered** in Jacksonville, Florida on November 14, 2025.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

c:
Terelle Tullis, pro se
    Calhoun Correctional Institution, # X37810
    19562 SE Institutional Dr.
    Blountstown, FL 32424